# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| ROLAND MADORE, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-129 (MPS) |
| | : | |
| v. | : | |
| | : | |
| SCOTT SEMPLE, et al., | : | |
| Defendants. | : | FEBRUARY 6, 2017 |
| | : | |

_____

## INITIAL REVIEW ORDER

Plaintiff Roland Madore, currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 asserting claims for deliberate indifference to a serious medical need.  The plaintiff names as defendants Commissioner Scott Semple, Nurse Dwiller, Gary Freston, Monica Faranella, Sayeed Naqvi, Johnny Wu, Richard Furey, Dr. Ruiz, and Correctional Officer Hammond.  He seeks damages and injunctive relief.  The complaint was received by the Court on January 27, 2017.  The plaintiff's motion to proceed *in forma pauperis* was granted on February 1, 2017.  (ECF No. 6.)

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not

required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "[*p*]*ro se* complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I.    Allegations

Commissioner Semple has entered a contract with Johnny Wu of the University of Connecticut Health Center to form Correctional Managed Health Care ("CMHC"), which provides medical service to all Connecticut inmates. As part of the contract, Commissioner Semple agreed to assume liability for any judgments against CMHC regarding inmate medical and dental care. CMHC, through defendants Wu, Freston, Faranella and Naqvi, has developed a Utilization Review Committee ("URC") that denies all requests for services at the University of Connecticut Health Center. Inmates must file medical habeas petitions in state court before they can obtain needed medical services.

A.    Sleep Apnea

On August 2, 2014, the plaintiff requested a sleep apnea test. On August 6, 2014, Nurse Dwiller told the plaintiff that, according to his medical chart, he had been diagnosed with sleep

apnea in 2013.  The plaintiff contends that this is false.

On September 25, 2014, Dr. Wright ordered a pulse oximeter study to measure the amount of oxygen in the plaintiff's blood.  The test had to be performed twice, on September 30, 2014, and again on October 7, 2014, because the test machine malfunctioned.

On November 4, 2014, defendants Wu, Faranella and Naqvi denied Dr. Wright's request for a sleep study at the University of Connecticut Health Center.  On January 13, 2015, the plaintiff filed a medical habeas action in state court seeking a sleep study, hernia surgery, and a mouth guard.  On January 28, 2015, the plaintiff went to the University of Connecticut Health Center for the sleep study, which revealed severe obstruction sleep apnea.  Defendants Wu, Faranella and Naqvi denied requests for a sleeping wedge or double pillows.

On February 18, 2015, Dr. Wright requested a sleep apnea machine, or C-PAP machine, for the plaintiff.  On March 6, 2015, a C-PAP machine was delivered to the plaintiff.  He refused the machine because it did not have a humidifier.  On March 30, 2015, a C-PAP machine was delivered to the plaintiff.  Again, he returned the machine because it did not have a humidifier.

On May 21, 2015, the plaintiff met with Dr. Wright who appealed the denial of a C-PAP machine with a humidifier.  On June 8, 2015, Dr. Wright told the plaintiff that the University of Connecticut Health Center had approved a C-PAP machine with a humidifier.  The plaintiff received the machine on June 18, 2015, but it had the wrong pressure.  On July 15, 2015, the plaintiff still needed a machine adjusted to the proper pressure.  On August 11, 2015, he wrote a letter asking about the status of the machine.  Nurse Lewis said she would discuss it with Dr. Wright.  The plaintiff finally received the correct C-PAP machine sometime in September or October 2015.

B.     Hernia

On February 2, 2014, the plaintiff wrote to the medical department at Cheshire Correctional Institution complaining about pain from a lump in the area of his navel.  On February 7, 2014, the plaintiff saw Dr. Ruiz and received a binder.  Dr. Ruiz refused the plaintiff's request that he submit a request for surgery to the Utilization Review Committee, stating that the Department of Correction would not provide corrective surgery.

On January 13, 2015, the plaintiff filed a medical habeas action in state court.  On June 29, 2015, the plaintiff submitted a grievance about his abdominal hernia, stating that it caused pain and bathroom issues.  The plaintiff also remarked that Drs. Wright and Ruiz had told him that it was highly unlikely that the University of Connecticut would approve surgery.  The grievance was denied because URC issues were not grievable.

On August 20, 2015, the plaintiff went to court on his medical habeas case.  The judge continued the case to have a consultation regarding the hernia.  The plaintiff returned to court on November 19, 2015.  He alleges that the judge did not understand why the plaintiff had not yet received a proper C-PAP machine or had the surgical consultation.  He also questioned what was being done about a mouth guard.

On December 15, 2015, the plaintiff had the consultative surgical examination and was placed on the surgery list.  On January 20, 2016, the plaintiff wrote to the medical unit stating that the hernia was causing stomach pain and that he was unable to use the bathroom.  The plaintiff was given a stool softener.  The plaintiff underwent hernia surgery on March 2, 2016.

On March 14, 2016, the plaintiff was on lockdown for a facility-wide shakedown.  The plaintiff told defendant Hammond that he had just undergone surgery and was required to

shower to keep the area clean.  Although showers were being administered to other inmates, Defendant Hammond denied the plaintiff a shower and the surgical area became infected.  On March 21, 2016, the plaintiff was sent to the medical unit to get antibiotics for the infected area.

C.      Mouth Guard

The plaintiff was fitted for a mouth guard on November 17, 2015.  On January 4, 2016, the plaintiff wrote to the dental department about the mouth guard.  He was told that he would receive it in two weeks.  The plaintiff received the mouth guard on January 13, 2016.

II.    Analysis

To state a claim for deliberate indifference to a serious medical need, the plaintiff must show both that his medical need was serious and that the defendants acted with a sufficiently culpable state of mind.  *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) (citing *Estelle v. Gamble*, 492 U.S. 97, 104 (1976)).  There are both objective and subjective components to the deliberate indifference standard.  *See Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).  Objectively, the alleged deprivation must be "sufficiently serious."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  The condition must produce death, degeneration, or extreme pain.  *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  Subjectively, the defendants must have been actually aware of a substantial risk that the inmate would suffer serious harm as a result of his actions or inactions.  *See Salahuddin v. Goord*, 467 F.3d 262, 279-80 (2d Cir. 2006).  Negligence that would support a claim for medical malpractice does not rise to the level of deliberate indifference and is not cognizable under section 1983.  *See id.*  Nor does a difference of opinion regarding what constitutes an appropriate response and treatment constitute deliberate indifference.  *See Ventura v. Sinha*, 379 F. App'x 1, 2-3 (2d Cir. 2010); *Chance v. Armstrong*,

143 F.3d 698, 702 (2d Cir. 1998).  While a disagreement over treatment is not cognizable under section 1983, the treatment actually given must be adequate.  *See Chance*, 143 F.3d at 703.

The plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs by failing to provide timely and adequate medical care.  He contends that defendant Semple was deliberately indifferent to inmate medical needs by contracting to assume liability for any medical judgments, defendants Freston, Faranella, Naqvi and Wu were deliberately indifference for their participation on the URC and resulting denial of treatment, defendant Dr. Ruiz was deliberately indifferent by denying to even request hernia surgery, and defendant Hammond was deliberately indifferent for denying the plaintiff a shower even though he was aware that the shower was required to avoid post-surgery infection.

The plaintiff suffers from sleep apnea.  Courts considering this illness have held that sleep apnea may constitute a serious medical need.  *See Flemming v. LaRose*, No.9:11-cv-1232(GL/TWD), 2014 WL 4684910, at *8 (N.D.N.Y. Sept. 19, 2014) (collecting cases).  The plaintiff does not allege sufficient facts for the Court to discount the seriousness of the plaintiff's condition.  Thus, for purposes of this order, the Court will assume that the plaintiff's sleep apnea is a serious medical need.  The plaintiff also has a hernia which was determined to require surgery and which the plaintiff alleges caused pain and bathroom difficulties.  While not every hernia rises to the level of a serious medical need, the courts distinguish hernias that require surgery and cause pain.  *See McQueen v. County of Albany*, No. 08-CV-799, 2010 WL 338081, at *11-12 (N.D.N.Y. Jan. 28, 2010) (finding on summary judgment that hernia was not a serious medical need because hernia did not require surgery and caused inmate only occasional pain and discomfort); *see also Byng v. Wright*, No. 09-CV-9924(PKC)(JCF), 2012 WL 967430, at *11

(S.D.N.Y. Mar. 20, 2012) (chronic pain during nine-month delay of surgery for hernia sufficient to support assumption that inmate suffered from serious medical condition).  The Court considers the complaint to plausibly allege serious medical needs for sleep apnea and the hernia.

The plaintiff also alleges that his mouth guard was delayed.  He alleges no facts indicating why the mouth guard was required and identifies no defendant who delayed receipt of the mouth guard.  Absent such allegations, there is no factual basis for a deliberate indifference claim regarding the mouth guard.

The plaintiff alleges that defendants Semple, Wu, Faranella, Freston, and Naqvi engaged in activities designed to excuse inadequate treatment and denied required treatment.  He alleges that defendant Ruiz recognized the need for hernia surgery but refused to request it.  Finally, the plaintiff alleges he made defendant Hammond aware of his need for a shower to avoid infection but was denied a shower even though showers were available for other inmates.  The Court concludes that these allegations are sufficient at this stage of litigation to state plausible claims for deliberate indifference to serious medical needs.

The plaintiff alleges only that defendant Dwiller told him that he previously had been diagnosed with sleep apnea.   He does not allege that she denied or interfered with his treatment.  Defendant Dwiller's actions constitute, at most, negligence, which is not cognizable under section under section 1983.

Defendant Furey is not mentioned in the statement of facts.  The plaintiff must allege facts showing the personal involvement of each defendant in the alleged constitutional violation before damages can be awarded.  *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).  Absent any allegations suggesting that defendant Furey was aware of, or in a position to provide

7

treatment for, the plaintiff's medical needs, all claims against him are dismissed.

III.    Conclusion

The claims against defendants Dwiller and Furey and all claims relating to the delay in receipt of the mouth guard are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on the claims for deliberate indifference to a serious medical need regarding treatment for sleep apnea and the hernia against the remaining defendants.

The Court enters the following orders:

(1)    **The Clerk shall** verify the current work addresses for defendants Semple, Wu, Faranella, Freston, Naqvi, Ruiz, and Hammond, with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to each of these defendants at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver requests on the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)    **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on defendants Semple, Wu, Faranella, Freston, Naqvi, Ruiz, and Hammond, in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(3)     **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated. The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If the plaintiff has more than one pending case, he should indicate all of the case numbers in the

notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

(10)   The plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.

**SO ORDERED** this 6th day of February 2017 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge